## In re: MICHELIN NORTH AMERICA, INC., PAX Sysytem Marketing and Sales Practices Litigation.

### MDL No. 1911.

United States Judicial Panel on Multidistrict Litigation.

Feb. 15, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common defendant Michelin North America, Inc. (Michelin) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Maryland. Defendant

American Honda Motor Co. (Honda) supports this motion. Plaintiffs agree that centralization is appropriate, and alternatively suggest selection of the Northern District of Illinois as transferee district.

This litigation presently consists of four actions listed on Schedule A and pending as follows: one action each in the District of Arizona, the Southern District of Florida, the Northern District of Illinois, and the Southern District of New York.[1]

On the basis of the papers filed and the hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the PAX System,[2] including whether (1) Michelin and/or Honda concealed and/or failed to disclose that neither they nor any third parties maintained sufficient repair or replacement facilities (or the necessary equipment or supplies to perform such repair or replacement) to appropriately address the needs of consumers; (2) the costs of repairing and replacing the PAX System tires are significantly higher than what is reasonably anticipated; and/or (3) the PAX System "run-flat" tires on the vehicles are defective and susceptible to premature wear which, in turn, requires consumers to repair or replace their tires more frequently than anticipated or is otherwise reasonable. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings;

---

1. The Panel has been notified that two additional actions have been filed in the Central District of California. In light of the Panel's disposition of this docket, this action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. The PAX® System (PAX System) is manufactured by Michelin and pre-installed on certain Honda and Acura brand automobiles which are distributed and sold by Honda throughout the United States. The PAX System allows vehicles to travel up to 125 miles on a flat tire.

and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Maryland is an appropriate transferee district for this litigation, because (1) the wave of putative statewide class action lawsuits relating to the PAX System began with an action removed to the District of Maryland; and (2) Judge Roger W. Titus was assigned to this Maryland action and had an opportunity to familiarize himself with issues in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Roger W. Titus for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

**MDL No. 1911 — IN RE: MICHELIN NORTH AMERICA, INC., PAX SYSTEM MARKETING AND SALES PRACTICES LITIGATION**

*District of Arizona*

*Larry Palmer, et al. v. American Honda Motor Co., Inc., et al.,* C.A. No. 2:07–1904

*Southern District of Florida*

*Michelle Smith v. American Honda Motor Co., Inc., et al.,* C.A. No. 0:07–61524

*Northern District of Illinois*

*Charles L. Williams v. American Honda Motor Co., Inc., et al.,* C.A. No. 1:07–5933

*Southern District of New York*

*Nicholas Longo, et al. v. American Honda Motor Co., Inc., et al.,* C.A. No. 7:07–9339